## Zimmerman's Estate

*Wallace M. Keely,* for petitioner.
*Frederick B. Smillie,* of *Smillie & Bean,* for executor.

HOLLAND, P. J., March 13, 1945.—The facts of the case are set forth at large and in detail in the petition, but we will recite the facts that are determinative of the issue.

George S. Zimmerman, decedent, died September 23, 1932, leaving a will dated December 12, 1930, with a codicil of the same date. Norristown-Penn Trust Company and D. Yeakel Miller were appointed executors. D. Yeakel Miller died on June 25, 1934, leaving Norristown-Penn Trust Company as surviving executor.

The pertinent part of the will is as follows: "Second: I give and devise to my son, Clarence H. Zimmerman, my farm property located on Wentz Road, west of Skippack Pike, Whitpain Township, and containing approximately 90 acres of land absolutely."

The rest of the will has no application except to show all the interested parties other than petitioner, Clarence H. Zimmerman.

The only other parties interested in the proceeding, being all that are named in the will, are, in addition to

petitioner, petitioner's two sons (grandsons of testator), Merrill Krieble Zimmerman and Clarence Edward Zimmerman, who join in the petition; Montgomery Trust Company, legatee in trust for the benefit of a church and decedent's family lot; and Norristown-Penn Trust Company, executor and trustee of certain trusts in the will.

Prior to the execution of the will, testator had, on June 24, 1927, conveyed to the Electric Realty Corporation, under threat of eminent domain proceedings, 12.2 acres of land out of the said farm of 90 acres, which deed was duly recorded. On June 10, 1932, testator entered into an agreement to purchase 12.551 acres of land from William Jackson and Eva A. Jackson. This latter tract was situate on Wentz Road opposite part of testator's farm, the said farm aggregating 90 acres after the acquisition of the said 12.551 acres from the Jacksons. Testator died September 23, 1932, before he had an opportunity to complete the transaction and secure conveyance of the said 12.551-acre tract, but, after his death, on January 10, 1933, the transaction was completed, and a deed for the said tract was given to the executors in completion of the contract, who paid the remainder of the consideration due thereon to the vendors thereof. As above noted, D. Yeakel Miller, one of the executors, died June 25, 1934, so that Norristown-Penn Trust Company remains the sole surviving executor and grantee in the said deed for the said tract.

Under this state of facts, Clarence H. Zimmerman, the devisee under the second item of the will, as aforesaid, of the farm of testator located on Wentz Road west of Skippack Pike, Whitpain Township, "and containing approximately 90 acres of land", claims that the said 12.551-acre tract is part of the devise to him. On February 4, 1944, he filed his petition for a rule upon Norristown-Penn Trust Company, remaining executor, to show cause why it should not deed to him this

tract of 12.551 acres. The Norristown-Penn Trust Company filed an answer in which it admits all the facts, states the consideration for the tract and how it was paid, and raises the question whether, conceding that the tract became a part of decedent's estate when it was conveyed to the executors, it passed to petitioner under the second item of the will or became part of the residue. That is the question for the court to decide.

The Orphans' Court of Montgomery County, decedent having been domiciled in said county and, so domiciled, having died therein, has jurisdiction of this proceeding and has the authority to order the conveyance prayed for if convinced that the same is proper: Slagle's Estate, 335 Pa. 552 (1939).

It is to be noted that, at the date of the writing of the will, although testator referred to his farm as containing 90 acres, the same contained 90 acres less 12.2 acres which he had deeded prior thereto on June 24, 1927, and he must be presumed to have remembered that he had so conveyed part of the 90 acres and that 90 acres did not remain. This would indicate to the court that when he executed his will he contemplated replacing the said 12.2 acres with an approximate acreage of equal area, and, in fact, attempted to do so before his death by contracting to buy 12.551 acres, which is the land in question, and which his executors acquired after his death.

We are convinced that, at the date of testator's will, he contemplated completing the farm so as to make it 90 acres, and there can be no objection to a testator devising in his will something which he has not at that time but contemplates having by the time he dies. A will speaks as of the date of death of testator and operates upon what he dies possessed of or seized of at that time which answers the description in any particular devise.

True it is that he did not die seized of the legal title of this 12.551 acres of land, but he unquestionably had

the equitable title and died seized of that, and we are of the opinion that it, together with the remainder of the 90 acres, passed by the devise under the second item of the will to his devisee, Clarence H. Zimmerman, and, although settlement had to be made with the executors, it is now the duty of the remaining executor to deed it to him so that his equitable title may be reduced to the absolute legal title. A decree to this effect will be made.

### Decree

And now, March 13, 1945, upon consideration of the petition and answer, and in compliance with the above opinion, the Norristown-Penn Trust Company, surviving and remaining executor of the will of George S. Zimmerman, is ordered, directed, and decreed to execute to Clarence H. Zimmerman, devisee named in the second item of the will, a deed for the 12.551 acres of land described by metes and bounds in paragraph 6 of the petition, being the same premises that William Jackson and Eva A. Jackson, his wife, by their deed under date of January 10, 1933, conveyed to the executors, said deed being recorded in the Office for the Recording of Deeds in and for the County of Montgomery, in deed book no. 1160, p. 215; all costs to be paid by petitioner.